**BIRMINGHAM FIRE INSURANCE CO., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KENNEDY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.
Decided March 30, 1995.

Jerome P. Grossi, for petitioner.

Pamela G. Cochenour, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Birmingham Fire Insurance Company (Birmingham) petitions for review of an order of the Workmen's Compensation Appeal Board that affirmed the decision of a referee imposing liability upon Birmingham for the recurrence of a work-related injury to Harry W. Kennedy (claimant) pursuant to the terms of section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 771.

Claimant suffered a compensable work-related injury on January 19, 1989 when employed for Polar Water Company (employer). A notice of compensation payable was issued to claimant on May 25, 1989 on behalf of employer by Birmingham, employer's workers' compensation insurer at that time. Claimant returned to work for employer in his pre-injury position on September 11, 1989 and thereafter executed a final receipt on September 20, 1989.

On October 12, 1989, claimant suffered a work-related injury. Employer's workers' compensation insurer on October 12, 1989 was Reliance Insurance Company (Reliance). On November 6, 1989, Reliance issued a notice of compensation payable on behalf of employer acknowledging claimant's work-related injury of October 12, 1989.

Reliance filed a petition for review of claimant's compensation benefits on June 3, 1992, wherein it alleged that it erroneously issued a notice of compensation payable identifying claimant's work-related injury of October 12, 1989, as a "new injury", when in fact the injury was a recurrence of a January 19, 1989, work-related injury. In its petition for review, Reliance requested that the November 6, 1989 notice of compensation payable issued by it on behalf of employer to claimant be set aside, that it be reimbursed by Birmingham for all medical and indemnity benefits it paid to claimant as a result of claimant's October 12, 1989 work-related injury, and that the final receipt executed by claimant be set aside. On June 24, 1992, Reliance petitioned for joinder of Birmingham alleging that Birmingham was the liable insurance carrier for those medical and indemnity benefits owed claimant after October 12, 1989.

Before the referee, Reliance presented the deposition testimony of Richard Kasdan, M.D. Dr. Kasdan opined that the claimant

suffered a recurrence of his January 19, 1989 work-related injury on October 12, 1989. The referee accepted Dr. Kasdan's opinion as credible and found that claimant suffered a recurrence of his January 19, 1989 work-related injury on October 12, 1989, and further found that claimant has been totally disabled as a result of the recurrence since October 13, 1989.

The referee rejected Birmingham's contentions that it could not be made liable for the payment of benefits in relation to the October 12, 1989 injury. The referee opined that pursuant to controlling law, the carrier providing coverage on the date of an original injury, is liable for the payment of compensation resulting from a recurrence of that injury. Further, the referee concluded that he had the authority to modify a notice of compensation payable which was in any material respect incorrect, including the power to substitute the proper insurance carrier.

Accordingly, the referee granted Reliance's review and joinder petitions and ordered that: (1) the notice of compensation payable issued by Reliance be modified to reflect Birmingham as the proper carrier; (2) Reliance be relieved of any liability in connection with the recurrence of claimant's work-related injury; (3) Birmingham pay claimant total disability benefits for the duration of claimant's total disability; (4) Birmingham reimburse Reliance for benefits paid by Reliance to claimant; and (5) Birmingham be liable for the payment of all reasonable and necessary medical expenses incurred as a result of claimant's work-related injury of October 12, 1989.

Birmingham appealed the decision of the referee to the board, which dismissed Birmingham's appeal and affirmed the referee's order. It is from that order that Birmingham now appeals to this court.

On appeal, Birmingham presents the following issue for this court's review: Whether the referee committed an egregious error of law when he substituted Birmingham for Reliance on the notice of compensation payable two and one-half years after the notice's date of issuance, if that notice was not in any material respect incorrect.

Our scope of review in workers' compensation matters is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Appeal Board procedure, and whether necessary findings of fact were supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Where, as here, the board has taken no additional evidence, the board is required to accept facts found by the referee if they are supported by competent evidence. *Id.* On appeal from a decision of the board, the reviewing court must view the evidence in the light most favorable to the prevailing party below, including the benefit of all inferences reasonably deduced from the evidence. *Id.*

Birmingham argues that because the notice of compensation payable issued to claimant by Reliance on behalf of employer was in no material respect incorrect, the referee had no authority to set the notice aside or to substitute Birmingham for Reliance on the notice. Birmingham also contends that even if the notice of compensation payable is materially incorrect, because Reliance waited 15 months[1] to file a petition for review in this matter, litigation on the issue of whether claimant's October 12, 1989 work-related injury was a new injury or the recurrence of an old injury should be precluded.[2]

1. Reliance first obtained medical evidence regarding the nature of claimant's injury on March 20, 1990 and filed its petition for review of claimant's benefits on June 1, 1992. Reproduced Record (R.) at 64a–65a.

2. Birmingham relies on our Supreme Court's decisions in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983) and *Barna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 513 Pa. 518, 522 A.2d 22

(1987) for support of its second contention. In *Beissel,* the claimant therein entered into an agreement with his employer two years after the claimant suffered a work-related injury. Two years after this agreement was executed, the employer therein filed a termination petition alleging that the claimant's injury was not work-related. Our Supreme Court reversed the granting of the termination petition after reasoning that because the employer therein had an opportunity—of which it took advantage—to investi-

The plain language of section 413 of the Act vests in a referee the power to modify a notice of compensation payable which is in some way materially incorrect and provides:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable ... upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable ... was in any material respect incorrect.

77 P.S. § 771.[3]

 A petition for review is limited to review or modification of a notice of compensation payable which is in some material respect incorrect and such modification may occur at *any* time. Section 413. It is the burden of the party seeking modification of the notice of compensation payable to prove that a material mistake of fact or law was made at the time the notice of compensation payable was issued. *Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill, Inc.)*, 146 Pa.Commonwealth Ct. 167, 604 A.2d 1204, *petition for allowance of appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).

 It is well settled that whether a disability results from a new injury, or is a recurrence of a prior work-related injury, is a question of fact for the referee. *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry Restaurant)*, 117 Pa.Commonwealth Ct. 47, 543 A.2d 201 (1988), *petition for allowance of appeal denied*, 522 Pa. 581, 559 A.2d 41 (1989). If the current disability is a new injury, the insurer of the employer when the new injury occurred is the responsible carrier; but, if the current disability is the recurrence of disability as a result of the prior injury, then the insurer of the employer at the time of the original injury is the responsible carrier. *Id.*

 Based upon the testimony of Dr. Kasdan, deemed credible by the referee, the referee found that claimant's October 12, 1989 work-related injury was a recurrence of his January 19, 1989 injury. Since we are satisfied, after having reviewed the entire testimony of Dr. Kasdan, that substantial evidence supports the referee's finding that claimant's October 12, 1989 work-related injury was a recurrence of his January 19, 1989 original work-related injury, it is clear that the November 6, 1989 notice of compensation payable issued to claimant, naming Reliance as the responsible carrier, was materially incorrect.

In *Sunset Golf Course v. Workmen's Compensation Appeal Board (Department of Public Welfare)*, 141 Pa.Commonwealth Ct. 103, 595 A.2d 213 (1991), *petition for allowance of appeal denied*, 529 Pa. 654, 602 A.2d 863 (1992), this court, relying on *Swartz*, held that a referee had the authority under section 413 of the Act to substitute the responsible employer and insurance carrier, despite another employer's earlier acceptance of liability and a delay of more than one year before asserting that it was not the claimant's employer. Therefore, according to the plain language of section 413 and this court's decisions interpreting section 413, the referee was well within his authority in modifying the notice of compensation payable 15 months after its issuance to correctly reflect

gate the cause of claimant's disability, the notice of compensation payable issued by the employer constituted an admission of its liability. The Supreme Court opined that the employer should not be afforded an opportunity to litigate that which it has already admitted.

In *Barna,* the Supreme Court modified its holding in *Beissel,* and reasoned that section 413 of the Act, 77 P.S. § 771, cannot be ignored and that compensation may be terminated where it is paid under a notice of compensation which is materially incorrect. Our Supreme Court interpreted this provision to promote early payment to injured employees while preserving the employer's right to investigate the employee's claim.

Birmingham's reliance on *Barna* and *Beissel* is misplaced. Unlike *Barna* and *Beissel,* the issue presented for review herein is not whether the January 19, 1989 or the October 12, 1989 injuries were work-related. The issue herein is which of the employer's carriers at the time the injuries arose is responsible for payment of claimant's benefits.

3. Pursuant to the 1993 amendments to the Act, referees are now referred to as workers' compensation judges; however, since this case arose prior to the effective date of the amendments to the Act, we will continue to utilize the term "referee".

that Birmingham, not Reliance, was the insurer responsible for compensating claimant for the recurrence of his January 19, 1989 work-related injury.

Accordingly, the decision of the board is affirmed.

### ORDER

NOW, this 30th day of March, 1995, the order of the Workmen's Compensation Appeal Board, dated May 3, 1994, at No. A93–1759, is hereby affirmed.