Carol TAYLOR, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (SERVISTAR CORPORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2005.

Decided Sept. 8, 2005.

Reconsideration Denied Oct. 24, 2005.

C. Lee Anderson, Harrisburg, for petitioner.

Stacey M. Merkin, Philadelphia, for respondent, Servistar Corporation.

Marta J. Guhl, Philadelphia, for intervenor, Wal–Mart.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Carol Taylor petitions for review of the order of the Workers' Compensation Appeal Board (Board), affirming the denial of her reinstatement petition.

Taylor sustained a work-related disability in June 1993 in the scope and course of her employment in a stocking position with Servistar Corporation and received benefits pursuant to a notice of compensation payable for an injury described as plantar fasciitis. Taylor returned to work in a

clerical position, where she worked for five years until she was laid off when the plant closed in December 1999. Benefits were terminated as of July 11, 2000 when workers' compensation judge Mark Weinberg granted employer's termination petition. Taylor returned to work in March 2002 for Wal–Mart.

According to her own testimony and that of her treating physician, Dr. Vincent Pongia, Taylor stopped treatment for her plantar fasciitis in April 1997. She returned to Dr. Pongia in September 2000, when he suggested new orthotics, then again in April 2002 when her pain and other symptoms increased significantly. Dr. Pongia operated on her left foot on May 10, 2002, just two months after she began working for Wal–Mart. The surgery relieved much of the pain in her left foot, and as of June 2003, Taylor was still experiencing pain in her right foot.

In April 2003, Taylor filed a reinstatement petition, alleging that her disability recurred as of April 17, 2002. Taylor testified and presented the medical testimony of her treating physician, Dr. Vincent Pongia; the employer presented no evidence. After hearing the evidence, the judge denied reinstatement. The judge rejected Dr. Pongia's medical testimony and thus concluded that Taylor failed to meet her burden of proving a recurrence of her work injury. The judge rejected Dr. Pongia's testimony on the basis that the expert's opinion was premised on his opinion that Taylor never completely recovered from her 1997 work-related injury, which opinion contradicted Judge Weinberg's termination decision.

5. I have carefully reviewed the testimony of Dr. Pongia and find that it lacks credibility. Dr. Pongia's opinions are based on his belief that Claimant's plantar fasciitis condition has never resolved, despite Judge Weinberg's finding to the contrary. Although Dr. Pongia testified to a recurrence when asked to assume that Claimant had fully recovered, he did not explain how the condition could recur after a full recovery. To the contrary, his explanation was that the condition never resolves, but instead continues through cycles of exacerbations and remissions. Accordingly, Dr. Pongia's testimony that the work-related condition recurred on or after April 17, 2002 is rejected as not credible.

6. I have carefully reviewed the testimony of the Claimant and find that it lacks credibility to the extent that it asserts continued symptoms from the work-related injury on or after July 11, 2000. Such testimony is inconsistent with the finding of Judge Weinberg and is not supported by credible medical testimony.

Findings of Fact Nos. 5 and 6. The judge concluded that Taylor failed to meet her burden of establishing a recurrence of her work injury. The Board affirmed, characterizing the judge's rejection of Dr. Pongia's testimony as an attempt to relitigate a determinative fact, i.e., that Taylor fully recovered from her work-related plantar fasciitis, which relitigation is barred by the doctrine of collateral estoppel.

On appeal, Taylor argues that the judge erred in rejecting the testimony of Dr. Pongia because 1) Taylor produced unequivocal evidence of a recurrence of her work-related plantar fasciitis; 2) Dr. Pongia explained how plantar fasciitis can recur; and 3) the doctrine of collateral estoppel does not apply in this case.

Our review is prescribed by 2 Pa.C.S. § 704, and we must affirm unless the Board's adjudication is in violation of constitutional rights, is not in accordance with the law, or any necessary finding of fact is not supported by substantial evidence. As the fact finder, the judge de-

cides all issues of credibility and weight of evidence, and the judge's findings are binding when supported by the requisite evidence. *Davis v. Workmen's Compensation Appeal Board (Swarthmore Borough)*, 561 Pa. 462, 751 A.2d 168 (2000). A claimant seeking to reinstate benefits after a termination decision in favor of the employer bears the burden of establishing a causal connection between her current condition and the prior work-related injury. *Hahnemann University Hospital v. Workers' Compensation Appeal Board*, 718 A.2d 391 (Pa.Cmwlth.1998). Because the termination order effectively establishes that the claimant has fully recovered from the work injury, the claimant must prove that her disability has increased or recurred since the prior decision and that her physical condition has changed in some manner. *Id.*

Taylor argues that the judge's rejection of Dr. Pongia's testimony was incorrect as a matter of law because Dr. Pongia presented unequivocal, competent testimony that Taylor's work-related plantar fasciitis recurred as of April 17, 2002. We agree. A thorough review of Dr. Pongia's testimony as a whole reveals that he unequivocally testified that Taylor suffers with chronic, intractable plantar fasciitis that exacerbates and remits. (Pongia Deposition, p. 14.) Dr. Pongia's testimony is not inconsistent with Judge Weinberg's termination decision. Although he considers Taylor's condition to be chronic, Dr. Pongia recognizes that Taylor's condition resolves and that he in fact expected it to resolve in response to conservative treatment with orthotics, physical therapy, and exercise in 1997. (Pongia Deposition, pp. 16, 32.) He testified that when she returned for treatment on April 17, 2002, her symptoms had recurred and that she was no longer getting relief from the use of orthotics and exercise. After performing tests, he recommended surgery. Taylor underwent surgery on her left foot in May 2002, which surgery revealed a worsening of her condition with the addition of heel spurs. (Pongia Deposition, pp. 27–29.)

■ Although the judge characterized his rejection of Dr. Pongia's testimony as a credibility determination, the remainder of Finding of Fact No. 5 reveals that his rejection of Dr. Pongia's testimony was a determination of the testimony's legal competency.[1] The question of the competency of evidence is one of law and fully subject to our review. *Cerro Metal Products Company v. Workers' Compensation Appeal Board (Plewa)*, 855 A.2d 932 (Pa. Cmwlth.2004). Where an expert's opinion is based on an assumption that is contrary to the established facts of record, that opinion is worthless. *Williams v. Workers' Compensation Appeal Board (Hahnemann University Hospital)*, 834 A.2d 679 (Pa.Cmwlth.2003). In this case Dr. Pongia's testimony is not based on an assumption that is inconsistent with Judge Weinberg's determination that Taylor recovered from her work injury in July 2000. According to his testimony, Dr. Pongia did not see Taylor from April 1997 through September 7, 2000, at which time he ordered new orthotics, then again not until April 17, 2002. His opinion that Taylor experiences exacerbations and remissions of plantar fasciitis is entirely consistent with the termination decision, as a remission is characterized by an abatement or

---

1. A medical expert who bases his or her opinion on a factual assumption that contradicts a previously decided medical fact may be ruled legally incompetent. *See Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Mucker),* 686 A.2d 871 (Pa.Cmwlth.1996) (grant of termination petition reversed where employer's medical witness opined that claimant never had the condition for which he was receiving benefits).

cessation of symptoms.[2] Moreover, Dr. Pongia adequately explained how the condition recurs.

■■ Finally, Taylor argues that the Board erred in concluding that the principle of collateral estoppel prohibits reinstatement in this case. We agree. In fact, the judge's decision in this case does not mention collateral estoppel, and the judge never suggested that Taylor was attempting to relitigate the issue of whether she recovered from her work injury in July 2000. Collateral estoppel forecloses litigation in a later action of issues of law or fact that were litigated, essential to the judgment, and material to the judgment in a prior action. *Williams v. Workers' Compensation Appeal Board (South Hills Health System)*, 877 A.2d 531 (Pa.Cmwlth. 2005). Where the questions of fact essential to the judgment are litigated and determined by a final judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action. *Id.*

■ The issue before Judge Weinberg was whether Taylor was fully recovered from her work-related plantar fasciitis, and he determined that she had fully recovered as of July 2000. In this case, the ultimate issue is whether Taylor's work injury recurred as of April 17, 2003. The issues are not identical; rather the two proceedings involve different questions relating to the status of Taylor's disability during two unrelated time periods. *Hahnemann University Hospital.*

Accordingly, the order of the Board in this matter is reversed, and this matter is remanded for calculation of benefits and a determination of the responsible employer.

### ORDER

AND NOW, this 8th day of September 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

2. Stedman's Medical Dictionary 1548 (27th ed. 2000). Termination of benefits is warranted when the employer establishes that the claimant has fully recovered from the work injury even though the claimant may still experience symptoms where the medical testimony is that the claimant's symptoms have no objective medical findings to substantiate the claimant's symptoms. *McMullen v. Workers' Compensation Appeal Board (City of Philadelphia)*, 830 A.2d 629 (Pa.Cmwlth.2003).