# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Augustine,                            :
                         Petitioner          :
                                             :
            v.                               :  No. 46 C.D. 2017
                                             :
Workers' Compensation Appeal                 :
Board (Commonwealth of                       :
Pennsylvania, Department of                  :
Corrections),                                :
                         Respondent          :
                                             :
Commonwealth of Pennsylvania,                :
Department of Corrections, SCI               :
Graterford and Inservco Insurance            :
Services,                                    :
                         Petitioners         :
                                             :
            v.                               :  No. 100 C.D. 2017
                                             :  Submitted:  August 31, 2018
Workers' Compensation Appeal                 :
Board (Augustine),                           :
                         Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  October 30, 2018**


        Robert Augustine (Claimant) petitions for review of the Order of the Workers'

Compensation Appeal Board (Board) that affirmed, on other grounds, the decision

of Workers' Compensation Judge (WCJ) Lawrence Beck (WCJ Beck) denying Claimant's Review Petition (Second Review Petition) and Reinstatement Petition. Although the WCJ held that the Second Review Petition was barred by collateral estoppel, the Board concluded that the causation opinion of Claimant's medical doctor was not legally competent to support the grant of the Second Review Petition. It also held, like the WCJ, that Claimant did not establish that his condition had changed since a prior termination petition had been granted and, therefore, did not meet his burden of proof on the Reinstatement Petition. Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institution (SCI)-Graterford and Inservco Insurance Services (together, Employer) cross-petition for review of the Board's rejection of WCJ Beck's determination that the Second Review Petition was barred by the doctrine of collateral estoppel.[1] Employer argues that while the Board's alternative rationale for affirming the denial of the Second Review Petition is correct, WCJ Beck did not err in applying collateral estoppel in this case. After review, we affirm.

## I. Background

Claimant, a corrections officer, sustained work-related injuries on August 9, 2011, when the back legs of the plastic chair upon which he sat gave out, causing him to fall backwards. Employer issued a notice of compensation payable (NCP) accepting liability for injuries described as "sprains and contusions to the cervical and thoracic spine and **bilateral shoulders**." (WCJ Beck Decision, Finding of Fact (FOF) ¶ 1 (emphasis added).) Claimant received his full salary under the act commonly known as the Heart and Lung Act.[2] On July 17, 2012, Employer filed a

---

[1] This Court consolidated the petitions for review by order dated March 8, 2017.

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

2

Termination Petition based on the results of an independent medical examination (IME) in which the IME physician opined that Claimant had fully recovered from the accepted work-related injuries. Claimant filed a Review Petition (First Review Petition) seeking to expand the description of his compensable injuries to include additional cervical spine injuries. After a hearing at which both Employer and Claimant presented expert testimony, and Claimant testified, WCJ Patricia Bachman (WCJ Bachman) denied the First Review Petition and granted the Termination Petition.[3] WCJ Bachman found that Claimant had not proven he sustained additional injuries on August 9, 2011, and that Claimant was fully recovered from the accepted work injuries and able to return to his pre-injury position without restrictions as of April 26, 2012. That decision was affirmed by the Board and, subsequently, by this Court in *Augustine v. Workers' Compensation Appeal Board (SCI-Graterford)* (Pa. Cmwlth., No. 713 C.D. 2015, filed Dec. 23, 2015).

While Claimant's appeals were pending, he filed the instant petitions. In the Second Review Petition, Claimant seeks to correct the NCP's description of his work-related injuries "to include tears of the right and left rotator cuff per MRI studies of January 13, 2014." (FOF ¶ 5.) Claimant also filed the Reinstatement Petition to reinstate his benefits following their termination, alleging his disability had recurred. Employer filed a Motion to Dismiss (Motion) based on the doctrines of res judicata and collateral estoppel. The matter was bifurcated in order to first address the Motion.

Claimant submitted his deposition testimony in which he described how the work injuries occurred, his ongoing symptoms, and his treatment of those injuries

---

[3] WCJ Bachman's decision can be found at pages 1a-10a of the Reproduced Record.

with various physicians, including, most recently, Gerald E. Dworkin, D.O.[4] (*Id.* ¶ 6.) According to Claimant, even though he had ongoing shoulder complaints, his physicians did not suggest he undergo a MRI until January 2014. Prior to January 2014, he had no knowledge that he had sustained rotator cuff tears in the August 9, 2011 work fall. He also presented the deposition testimony of Dr. Dworkin, who first examined Claimant on July 17, 2014.[5] Dr. Dworkin reviewed Claimant's history, noted "that Claimant had complained of shoulder problems since the work injury," and observed that Claimant's "prior [physicians] had provided an insufficient workup of [Claimant's] shoulder problems." (*Id.* ¶ 7.) Dr. Dworkin opined that Claimant was "unable to return to work as a corrections officer due to his shoulders." (*Id.*)

Considering the evidence presented, WCJ Beck found that the Second Review Petition was barred by the doctrine of collateral estoppel. WCJ Beck found that: "Claimant had a fair and full opportunity to litigate the description of his injury during the prior consideration of" the First Review Petition and Termination Petition, which included the issue of "the nature and extent of all of Claimant's injuries"; "[t]he issue of the nature, extent, and duration of Claimant's injuries was decided on the merits by [WCJ] Bachman," which was ultimately affirmed; and "[t]he determination as to what injuries Claimant suffered, as well as the status of such injuries, was essential to [WCJ] Bachman's decision." (*Id.* ¶ 8(a)-(c).) Accordingly, WCJ Beck denied the Second Review Petition. (*Id.* ¶ 10; WCJ Beck Decision, Conclusion of Law (COL) ¶ 3.)

---

[4] Claimant's deposition testimony can be found at pages 11a-21a of the Reproduced Record.

[5] Dr. Dworkin's deposition testimony can be found at pages 28a-57a of the Reproduced Record.

4

As for the Reinstatement Petition, WCJ Beck noted Claimant's benefits were terminated based on the finding of full recovery of his work injuries, including injuries to his shoulders, as of April 26, 2012. WCJ Beck found that Claimant and Dr. Dworkin testified that Claimant continued to complain of and be disabled by injuries to Claimant's shoulders. Such testimony, WCJ Beck found, did not "establish that Claimant's purported disability has recurred, i.e.[,] there is no evidence to establish that once again Claimant is disabled by his work injury." (*Id.* ¶ 9(c).) WCJ Beck held this testimony, instead, "set forth that Claimant was, is, and continues to be disabled by his shoulder problems and, at no time, had he ever recovered from same." (*Id.*) Because "Claimant failed to show that his condition ha[d] changed [since WCJ Bachman granted the Termination Petition] and, once again, he is disabled by his work injury, assuming his shoulder complaints are related to the August 9, 2011 injury," WCJ Beck denied the Reinstatement Petition. (*Id.* ¶¶ 9(d), 11; COL ¶ 4.)

## II. Board's Decision

Claimant appealed to the Board. Claimant first argued WCJ Beck erred in finding that the Second Review Petition was barred by the doctrine of collateral estoppel because the issue in that Petition, whether he sustained work-related bilateral rotator cuff tears, is different from that litigated before WCJ Bachman. The Board held that neither res judicata nor collateral estoppel would bar the Second Review Petition because the issue raised therein was the compensability of the bilateral rotator cuff tears reflected in the January 2014 MRIs, and the First Review Petition and Termination Petition involved, respectively, whether Claimant sustained additional cervical injuries and whether Claimant had fully recovered from

5

the injuries described in the NCP. (Board Opinion (Op.) at 3-4, 7-8.) However, citing Section 424 of the Workers' Compensation Act[6] (Act), the Board affirmed the denial of the Second Review Petition on other grounds. The Board concluded that Dr. Dworkin's causation opinion was not legally competent because it was based on an incorrect understanding of the medical situation and on an assumption that was contrary to the established facts. The Board held Dr. Dworkin testified that Claimant had "**ongoing** neck, as well as right shoulder – greater than left shoulder – pain," the cause of which was the August 9, 2011 work injury. (*Id.* at 5, 8 (quoting Reproduced Record (R.R.) at 39a) (emphasis added).) Dr. Dworkin's understanding that Claimant has had ongoing shoulder symptoms since August 9, 2011, the Board concluded, was contrary to the established fact that Claimant had fully recovered as of April 26, 2012. According to the Board, Dr. Dworkin's causation opinion, which did not acknowledge Claimant's full recovery, was not legally competent and could not support the Second Review Petition.

The Board also rejected Claimant's argument that WCJ Beck erred in denying the Reinstatement Petition. It held that Claimant did not meet his burden of proving that his physical condition had changed and that his disability had increased or recurred since the termination. (*Id.* at 9 (citing *Nat'l Fiberstock Corp. (Greater N.Y. Mut. Ins. Co.) v. Workers' Comp. Appeal Bd. (Grahl)*, 955 A.2d 1057, 1062 (Pa. Cmwlth. 2008)).) The Board concluded that because Claimant and Dr. Dworkin testified that Claimant's shoulder condition was **ongoing** and did not acknowledge

---

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 855. In pertinent part, Section 424 states "[w]henever an appeal shall be based upon an alleged error of law, it shall be the duty of the board to grant a hearing thereon . . . . As soon as may be after such hearing, the board shall either sustain or reverse the [WCJ's] award or disallowance of compensation, **or make such modification thereof as it shall deem proper**." *Id.* (emphasis added).

Claimant's full recovery, that testimony could not establish that Claimant's physical condition had **changed** since the termination of Claimant's benefits. (*Id.*) Claimant appealed from the Board's Order, and Employer filed a cross-appeal.[7]

### III.    Appeals to this Court

#### A. *Claimant's Appeal*

In his appeal, Claimant argues that, while the Board correctly concluded that the Second Review Petition is not barred by the doctrines of res judicata or collateral estoppel, it erred in affirming WCJ Beck's decision because the record lacks substantial evidence to support the Board's alternative reasoning that Dr. Dworkin's testimony was "incomplete and inaccurate." (Claimant's Brief (Br.) at 16.) Claimant asserts that, once the Board rejected WCJ Beck's application of the doctrines of res judicata or collateral estoppel, it should have remanded the matter to WCJ Beck for additional and more thorough fact finding. Claimant asserts that, in not doing so, the Board usurped the role of the WCJ. Claimant further argues that the Board did not adequately explain why the fact that Dr. Dworkin did not "acknowledge" Claimant's full recovery or WCJ Bachman's decision undermined the competency of Dr. Dworkin's opinions or made his understanding incomplete. He asserts that those opinions are founded on the January 2014 MRIs and Dr. Dworkin's treatment, which occurred after April 26, 2012, the date WCJ Bachman found that Claimant had fully recovered. Claimant further argues that the accepted shoulder injury was bilateral strains of his shoulders, not bilateral rotator cuff tears, and, therefore, Dr. Dworkin's lack of acknowledgment of the accepted shoulder

---

[7] Our "review of an order of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed." *Nat'l Fiberstock Corp.*, 955 A.2d at 1061 n.3.

injury has no impact on his opinion regarding the rotator cuff tears. For these reasons, Claimant requests that the Board's Order be reversed insofar as it affirmed WCJ Beck's decision on other grounds and the matter remanded for additional fact finding.

Employer responds the Board did not err in affirming the denial of the Second Review Petition and Reinstatement Petition because Claimant did not present competent, substantial evidence to satisfy his burdens of proof on those petitions. Employer asserts the Board did not overstep its authority in affirming the denial of the Second Review Petition on other grounds, but made it clear that it was making its own conclusions of law based on WCJ Beck's factual findings and credibility determinations, and the facts of record. According to Employer, the Board cited WCJ Beck's findings of fact indicating that neither Claimant nor Dr. Dworkin acknowledged Claimant's full recovery from his work injuries, and then made the legal conclusion that this failure, as a matter of law, rendered Dr. Dworkin's expert testimony not competent. Employer also argues that Claimant did not meet his burden of proof on the Reinstatement Petition because he did not present evidence establishing a change in his physical condition and a recurrence in his disability since WCJ Bachman's decision terminating his workers' compensation benefits based on his full recovery. Finally, in response to Claimant's argument that WCJ Beck's findings of fact were not thorough enough, Employer points out that WCJs are not required to recite, in detail, the full testimony of a witness. Remanding for WCJ Beck to make additional findings of fact that set forth more of this testimony, Employer asserts, would be a waste of judicial resources because none of that testimony would satisfy Claimant's burdens of proof.

1.  The Board's Authority to Affirm on Other Grounds

We begin with Claimant's contention that the Board overstepped its authority in affirming WCJ Beck's decision on other grounds. The Board may affirm a WCJ's decision based on legal reasoning that differs from that of the WCJ. *See Motor Coils Mfg./WABTEC v. Workers' Comp. Appeal Bd. (Bish)*, 853 A.2d 1082, 1087 n.9 (Pa. Cmwlth. 2004) ("[T]he Board may . . . affirm the decision of the WCJ if the WCJ makes the right decision but for the wrong reasons."), *aff'd*, 912 A.2d 212 (Pa. 2006); *Carmen Paliotta Gen. Constr. v. Workmen's Comp. Appeal Bd. (Tribuzio)*, 528 A.2d 274, 277-78 (Pa. Cmwlth. 1987) (stating that while WCJs have authority over factual findings and credibility determinations, the Board has "final authority to make conclusions of law which are then subject to appeal" and can modify the legal conclusions of the WCJ).

Here, the Board's alternative basis for affirming the denial of the Second Review Petition was its conclusion that Dr. Dworkin's causation opinion was not legally competent. This conclusion was **based on WCJ Beck's finding** that Dr. Dworkin had not acknowledged the prior determination that Claimant had fully recovered from his work-related injuries. Whether "medical evidence is competent is a **conclusion of law reviewable on appeal**." *Nat'l Fiberstock Corp.*, 955 A.2d at 1063 n.6 (emphasis added). Additionally, in affirming WCJ Beck's denial of the Reinstatement Petition, the Board simply reviewed the record to ascertain whether substantial evidence supported WCJ Beck's finding that Claimant did not establish that his physical condition had changed since WCJ Bachman terminated his benefits based on his full recovery. Substantial evidence review is a part of the Board's appellate review of WCJ opinions. Accordingly, we discern no usurpation of WCJ Beck's authority by the Board under these circumstances.

## 2. The Second Review Petition

We next address Claimant's assertion that the Board erred in affirming the denial of his Second Review Petition based on its determination that Dr. Dworkin's causation opinion that Claimant sustained bilateral rotator cuff tears as a result of the August 9, 2011 work event was not legally competent. Pursuant to Section 413(a) of the Act,

> [a] workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable . . . or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable . . . was in any material respect incorrect.

77 P.S. § 771. A modification of an NCP may occur at any time where there is a true mistake of fact or law which renders the NCP materially incorrect. *Birmingham Fire Ins. Co. v. Workmen's Comp. Appeal Bd. (Kennedy)*, 657 A.2d 96, 99 (Pa. Cmwlth. 1995). It is the burden of the party seeking modification of the NCP to prove that a material mistake of fact or law was made at the time the NCP was issued. *Id.* "An NCP is materially incorrect if the accepted injury fails to include all of the injuries that the claimant suffered in the work incident." *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 932 A.2d 346, 349 (Pa. Cmwlth. 2007). Where there is no obvious connection between the accepted work-related injury and any alleged additional work-related injuries, the burden is on the claimant to prove causation with respect to amending the description of the injury contained in the NCP. *Huddy v. Workers' Comp. Appeal Bd. (U.S. Air)*, 905 A.2d 589, 592-93 (Pa. Cmwlth. 2006). To meet that burden, the claimant must present unequivocal medical evidence of causation. *City of Pittsburgh v. Workers' Comp. Appeal Bd. (Wilson)*, 11 A.3d 1071, 1075 (Pa. Cmwlth. 2011).

10

As stated above, whether "medical evidence is competent is a conclusion of law reviewable on appeal." *Nat'l Fiberstock Corp.*, 955 A.2d at 1063 n.6. "Where an expert's opinion is based on an assumption that is contrary to the established facts of record, that opinion is [incompetent]." *Taylor v. Workers' Comp. Appeal Bd. (Servistar Corp.)*, 883 A.2d 710, 713 (Pa. Cmwlth. 2005). However, "[a] medical expert's opinion is not rendered incompetent unless it is **solely** based on inaccurate or false information." *Am. Contracting Enters., Inc. v. Workers' Comp. Appeal Bd. (Hurley)*, 789 A.2d 391, 396 (Pa. Cmwlth. 2001) (emphasis in original). "[I]t is well established that the opinion of a medical expert must be viewed **as a whole**, and that inaccurate information will not defeat that opinion unless it is dependent on those inaccuracies." *Id.* (emphasis in original).

Claimant relies upon Dr. Dworkin's testimony to establish that the NCP was materially incorrect because the NCP did not include Claimant's bilateral rotator cuff tears, which Dr. Dworkin opined were caused by the August 9, 2011 work fall. In rendering that opinion, Dr. Dworkin noted that Claimant complained of bilateral shoulder pain since August 9, 2011, that Claimant's shoulder problems were "ongoing," and that those ongoing issues prevented Claimant from performing his pre-injury position. (R.R. at 38a-39a, 42a, 54a.) Dr. Dworkin explained that the "ideology of [Claimant's] pain was clearly the trauma that occurred when [the] chair failed and [Claimant] injured [his] neck and shoulders on August 9, 2011[,] while at work." (*Id.* at 39a-40a.) Viewing Dr. Dworkin's causation testimony as a whole, it was based on the fact that Claimant's symptoms had been ongoing since August 9, 2011. However, WCJ Bachman found that Claimant's symptoms had resolved and that Claimant had fully recovered from his work-related injuries as of April 26, 2012. In particular, WCJ Bachman rejected Claimant's testimony that he had "any

11

ongoing, residual effects of his work injury" as not credible. (WCJ Bachman's Decision, FOF ¶ 10, R.R. at 8a.) Absent from Dr. Dworkin's testimony is anything addressing or considering this established fact.

This is not like the testimony of the medical expert in *Taylor*, who explained that the work-related condition from which the claimant was found to be fully recovered by a WCJ – plantar fasciitis – was a condition that could remit causing the cessation of symptoms and then recur, and had recurred since the date of full recovery. 883 A.2d at 713. We held that this testimony, which adequately explained the remission and recurrence process, was not inconsistent with the WCJ's termination decision and, therefore, was legally competent. *Id.* Dr. Dworkin did not acknowledge the established fact that Claimant had fully recovered from his shoulder problems and explain how such symptoms could recur after that determination. Instead, he relied, **contrary to the established facts**, on the assumption that Claimant's symptoms were ongoing to opine the bilateral rotator cuff tears were work related. That testimony is not legally competent to support the grant of the Second Review Petition. Accordingly, the Board did not err in affirming the denial of that Petition on those grounds.

### 3. The Reinstatement Petition

Finally, we address Claimant's contention that the Board erred in affirming the denial of the Reinstatement Petition. Pursuant to Section 413(a) of the Act, 77 P.S. § 772, a WCJ may reinstate a claimant's workers' compensation benefits upon proof that the claimant's disability has increased or recurred. "A claimant seeking reinstatement of benefits following a termination carries a heavy burden because the claimant has been adjudicated to be fully recovered." *Nat'l Fiberstock Corp.*, 955 A.2d at 1062. To meet this heavy burden, "the claimant must prove that h[is]

12

disability 'has increased or recurred since the prior decision and that h[is] physical condition has changed in some manner.'" *Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle)*, 32 A.3d 850, 854 (Pa. Cmwlth. 2011) (quoting *Taylor*, 883 A.2d at 713). The change in a claimant's physical condition, which must "have occurred after the date of [his] total physical recovery," must be proved "'by precise and credible evidence of a more definite and specific nature than that upon which initial compensation was based.'" *Id.* (quoting *Nat'l Fiberstock Corp.*, 955 A.2d at 1062).

WCJ Bachman found that Claimant was fully recovered from his work-related injuries, including those to his shoulder, as of April 26, 2012. To prevail on his Reinstatement Petition, Claimant had to prove that his disability had recurred and his physical condition had changed after that date. The evidence Claimant presented, his own testimony and that of Dr. Dworkin, was that Claimant has had **ongoing** pain and problems with his shoulders since August 9, 2011, for which he has continued to treat, most recently with Dr. Dworkin. Such evidence, however, does not establish a **change** in Claimant's physical condition since the determination of his full recovery. Rather, it reflects their belief that Claimant's physical condition has remained the same since August 9, 2011, and he continues to experience shoulder problems and pain since that date. Accordingly, Claimant did not meet his burden of proof on the Reinstatement Petition, and there was no error in denying that Petition.

### b. Employer's Cross-Appeal

In support of its own appeal, Employer argues WCJ Beck correctly held that Claimant is barred by the doctrines of res judicata and/or collateral estoppel from re-litigating the extent of his shoulder injuries and the Board should have affirmed on

that basis. However, the Board did not err in affirming the denial of the Second Review Petition and Reinstatement Petition based on its own reasoning. Therefore, it is not necessary to address Employer's protective cross-appeal.[8]

## IV. Conclusion

For the foregoing reasons, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] We note that filing a protective cross-appeal is not favored and was not required in this case. In *Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107, 113 (Pa. 2013), our Supreme Court recognized that the justices have differing opinions, including that protective cross-appeals should not be permitted. The Court, however, ultimately ruled that, while the appellee could have filed a protective cross-appeal, it was not required to do so in order to assert, as an alternative basis for affirming, a reason that was rejected by the trial court. The Court explained, however, that because "[t]he court system is constantly inundated with appeals," "[p]rotective cross-appeals by a party who received the relief requested are not favored." *Id.* As the prevailing party below, Employer was not required to file a protective cross-appeal in order to assert its arguments related to the doctrines of res judicata and/or collateral estoppel, but could have raised them in its responsive brief in Claimant's appeal as alternative bases for affirming the Board's Order. However, we do not fault Employer for filing its protective cross-appeal in order to protect its interests.

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Augustine,                              :
                        Petitioner             :
                                               :
            v.                                 :   No. 46 C.D. 2017
                                               :
Workers' Compensation Appeal                   :
Board (Commonwealth of                         :
Pennsylvania, Department of                    :
Corrections),                                  :
                        Respondent             :
                                               :
Commonwealth of Pennsylvania,                  :
Department of Corrections, SCI                 :
Graterford and Inservco Insurance              :
Services,                                      :
                        Petitioners            :
                                               :
            v.                                 :   No. 100 C.D. 2017
                                               :
Workers' Compensation Appeal                   :
Board (Augustine),                             :
                        Respondent             :

# **O R D E R**

   **NOW**, October 30, 2018, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matters, is **AFFIRMED**.

                                    _____
                                    **RENÉE COHN JUBELIRER,** Judge