**Martin SCHAFER, Jr., deceased/Judy Schafer, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MARTIN SCHAFER JR., INC., Selective Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.

Decided Aug. 10, 2007.

Ordered Published Nov. 2, 2007.

Gerald F. Strubinger, Jr., Palmerton, for petitioner.

Katherine E. Bavoso, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

The Workers' Compensation Appeal Board (Board) affirmed the order of the Workers' Compensation Judge (WCJ) denying the fatal claim and penalty petitions filed by Judy Schafer (Claimant) because her deceased husband, Martin Schafer, Jr. (Decedent), signed an executive officer's affidavit (affidavit) waiving his rights to workers' compensation and therefore was not an employee at the time of his death. The Board also agreed with the WCJ that the contest of Claimant's petition was reasonable. Claimant questions whether the Board committed an error of law when it dismissed her appeal from denial of her claim petition; whether the Board committed an error of law when it upheld the WCJ's ruling that the burden was on

Claimant to prove unequivocally that the signature on the affidavit was not Decedent's; and whether the Board committed an error of law when it dismissed her appeal from denial of the penalty petition.

On September 18, 2003, Claimant filed a fatal claim petition seeking benefits for herself as a widow and for her minor child as a result of Decedent's August 15, 2003 death from cardiac arrhythmia due to electrocution. She also filed a penalty petition alleging that Martin Schafer, Jr., Inc. (Defendant) and Selective Insurance Company (Insurer) (collectively, Respondents) violated Section 406.1 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1, by failing to accept or deny her injury within twenty-one days of notice. Decedent was the sole shareholder of Defendant (a privately held "S" Corporation), and he served as its president and executive officer.

Defendant and Insurer filed answers alleging that Decedent waived any rights to workers' compensation benefits that he may have had by executing the affidavit electing not to be an employee for purposes of the Act, that Claimant had no valid claim because Decedent was not an employee and that Defendant did not violate the Act because it had no duty to accept or deny Claimant's claim. Section 104 of the Act, 77 P.S. § 22, defining the term "employe" provides that "[a]n executive officer of a for-profit corporation or an executive officer of a nonprofit corporation who serves voluntarily and without remuneration may, however, elect not to be an employe of the corporation for the purposes of this act."

The WCJ heard testimony from Claimant and from three witnesses for Defendant. The parties submitted reports from handwriting experts comparing the signature on the affidavit with handwriting samples of Claimant and Decedent, along with other exhibits. At the close of the record, the WCJ made the following relevant Findings of Fact in his decision circulated February 15, 2006:

116. I find as facts that: (a) Martin F. Schafer, Jr., elected ". . . not [sic] be an employee ..." pursuant to his right to do so under 77 P.S. § 22. (b) Martin F. Schafer, Jr., communicated that election to Selective Insurance by providing the requested documents to Selective Insurance through its agent, Thomas Insurance Group, Inc. (Thomas Hovancik) (c) Selective's actions with respect to obtaining the necessary documents were consistent with the procedures approved by the Pennsylvania Insurance Department. (d) At all times subsequent to 1996, Selective issued W.C. policies to Martin F. Schafer, Jr., Inc., which contained an "Exclusion of Executive Officer's Endorsement Pennsylvania" and the premium charged each year excluded the pay received by Martin F. Schafer, Jr. (e) Prior to August 15, 2003, Martin F. Schafer, Jr., had never revoked the 'election' referenced in [Finding] 116(a) above. <u>Reasoning:</u> These conclusionary findings are based upon the totality of the credible and persuasive evidence submitted.

. . . .

121. I find as a fact that during a telephone conference call on the record conduct [sic] on August 23, 2004, Workers' Compensation Judge Baker ruled that the Claimant had the burden of presenting any expert evidence in support of her contention that the signature on the Affidavit was not the signature of Martin F. Schafer, Jr. Workers' Compensation Judge Baker stated: "So within ten (10) days, Mr. Strubinger will advise as to whether he is going to

present any expert. And if so, then he'll, of course, proceed to have the expert review the documents and get a report and submit that to . . . (Defense Counsel)." (See Judge Exhibit 03, page 7, lines 6–11.)

Because Claimant failed to prove that Decedent's election was invalid at the time of his death and that Defendant violated the Act, the WCJ denied both petitions.

On appeal to the Board, Claimant protested that the burden was improperly placed upon her to prove that Decedent did not waive any rights under the Act. The Board rejected this challenge on the basis that it was Claimant's burden to establish all of the elements of her claim, including that Decedent was an employee at the time of his death. Because the WCJ chose to accept the testimony of Defendant's witnesses, which supports the finding that Decedent waived his right to benefits under the Act, the Board affirmed the WCJ's decision. The Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed and whether the findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Lord & Taylor v. Workers' Compensation Appeal Board (Bufford)*, 833 A.2d 1223 (Pa.Cmwlth.2003).

Claimant argues that Findings of Fact Nos. 116 and 121 are not supported by substantial evidence because she proved that Decedent sustained a work-related injury in the scope and course of his employment, and having done so the burden then shifted to Defendant to prove that a valid waiver existed as an affirmative defense and to establish that Decedent signed the affidavit. Claimant contends that Defendant failed to meet this burden in view of the report of her expert witness, Robert J. Phillips, who opined, *inter alia*, that the signature on the affidavit was likely executed by Claimant, whose handwriting was very similar to Decedent's handwriting. Claimant additionally states that she met her burden of proving that Defendant violated the Act by failing to pay her compensation or to issue a notice of compensation denial.

Respondents counter that a compensable injury under the Act may be sustained only by an "employee." They further point out that substantial evidence supports the WCJ's finding that Decedent elected not to be an employee, that any argument that Claimant forged the signature of Decedent thereby invalidating the affidavit is inconsistent with her testimony, that Claimant has the burden to prove that an employer/employee relationship existed at the time of Decedent's death and that even if the burden was on Defendant to prove that Decedent signed the affidavit, Defendant met that burden through the report of its handwriting expert John S. Gencavage, who opined that Decedent signed the affidavit. Respondents maintain that they had no duty to issue a notice of denial because Decedent was not an employee, and, assuming that Claimant proved a violation, assessing a penalty is discretionary with the WCJ and there was no showing of an abuse of discretion.

 The Pennsylvania Department of Labor and Industry provides Form LIBC–513, Executive Officer's Declaration, for an executive officer to knowingly and voluntarily elect not to be an employee and to waive any and all benefits and rights to which the executive officer may be entitled under the Act. It is well settled that, with respect to a claim petition, the claimant bears the burden of proving an entitlement to benefits and establishing all of the elements necessary to support an award.

*Joy Global, Inc. v. Workers' Compensation Appeal Board (Hogue)*, 876 A.2d 1098 (Pa. Cmwlth.2005). One of the necessary elements that a claimant must satisfy is the existence of an employer/employee relationship at the time of injury. *Williams v. Workmen's Compensation Appeal Board (Global Van Lines)*, 682 A.2d 23 (Pa. Cmwlth.1996). The question of whether such a relationship exists is one of law based upon the findings of fact. *Id.*

■ The record supports the WCJ's Finding of Fact No. 116 that Decedent acted pursuant to Section 104, signed a Form LIBC–513 and thereby elected not to be an employee for purposes of the Act. Defendant's insurance auditor Francis Vogel testified that Decedent was excluded from his company's workers' compensation policy because of his status as an executive officer, that Decedent indicated that he did not want coverage for himself and that policy premiums were never collected based on his earnings. Underwriting manager Michael Bucko testified that during the entire policy period until Decedent's death, there was an executive officer's exclusion applicable to Decedent. Insurance agent Thomas Hovancik testified that he processed an affidavit that Decedent signed to exclude him from the workers' compensation policy. The WCJ credited this testimony, which constitutes substantial evidence to support the WCJ's finding.

■ There is no merit to Claimant's challenge to Finding of Fact No. 121 that it was her burden to prove that Decedent's waiver was invalid. In a worker's compensation claim proceeding, the burden of proof rests upon the claimant at all times during the proceeding to prove the necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d

592 (1993). The WCJ is the ultimate fact finder and may accept or reject the testimony of any witness in whole or in part, and questions of witness credibility and evidentiary weight are the sole province of the WCJ and will not be disturbed on appeal. *Joy Global.* In this case, the WCJ rejected the report of Claimant's expert in favor of the report of Defendant's expert, and he accepted the testimony from witnesses establishing that Decedent signed an affidavit electing not to be an employee for purposes of the Act. Assuming that Defendant had any burden to prove that Decedent signed the affidavit, then that burden was satisfied through its evidence and Claimant correspondingly failed to meet her burden to show an employer/employee relationship at the time of Decedent's death.

■ As to the penalty petition, there is substantial evidence to support the finding that Defendant's contest to the fatal claim petition was reasonable in light of the voluminous testimony presented to resolve the disputed signature on the affidavit. *See Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152 (Pa.Cmwlth.2004) (holding that WCJ did not err in finding that employer presented reasonable contest where a genuinely disputed issue existed regarding claimant's purported new injuries). Claimant's fatal claim petition was denied, and the WCJ therefore properly denied her penalty petition. *See Palmer v. Workers' Compensation Appeal Board (City of Philadelphia)*, 850 A.2d 72 (Pa.Cmwlth.2004) (stating that claim petition must be granted to award penalties). Having addressed the issues that Claimant briefed, the Court must conclude that the Board did not commit an error of law in affirming the denial of Claimant's fatal claim and penalty peti-

tions. Accordingly, the order of the Board must be affirmed.

### ORDER

AND NOW, this 10th day of August, 2007, the Court affirms the order of the Workers' Compensation Appeal Board.