# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Solutions Construction LLC,      :
               Petitioner      :
           :
        v.      : No. 660 C.D. 2022
           : Submitted: April 14, 2023
Sidar Garcia      :
(Workers' Compensation Appeal      :
Board),      :
            Respondent      :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                 FILED: September 29, 2023


Solutions Construction LLC (Petitioner) petitions for review of the May 31, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the May 7, 2021 order of the Workers' Compensation Judge (WCJ) that granted Sidar Garcia's (Claimant) Claim Petition for Workers' Compensation and his Petition for Penalties and that denied Petitioner's Petition for Joinder of Additional Defendant and its Petition to Review Compensation Benefits. After review, we affirm.

## I. Factual Background and Procedural History

On May 1, 2018, Claimant filed a Claim Petition for Workers' Compensation (Claim Petition) under the Workers' Compensation Act (Act)[1] alleging he sustained an injury at work on April 5, 2018. Reproduced Record (R.R.) at 2-3. The Claim Petition explained "Claimant was working on a ladder when the ladder fell, causing Claimant to fall to the ground." *Id*. at 3. Claimant alleged he suffered a "closed head injury, as well as left upper extremity, left knee, and cervical spine injuries." *Id*. at 3. He sought ongoing total disability as of April 5, 2018. *Id*. at 5. In his Claim Petition, Claimant listed his employer as Petitioner. *Id*. at 2. On May 3, 2018, the Workers' Compensation Office of Adjudication (WCOA) assigned the Claim Petition to WCJ Scott Olin. *Id*. at 8.

On December 18, 2018, Claimant filed another Claim Petition for Workers' Compensation (Second Claim Petition), alleging the same injuries as in his Claim Petition, but adding "dental / facial disfigurement" to his list of injuries. *Id*. at 15-16. In the Second Claim Petition, Claimant listed his employer as American Diamond Builders, Inc. (American Diamond). *Id*. at 15. On December 19, 2018, the WCOA assigned the Second Claim Petition to WCJ Olin. *Id*. at 21. WCJ Olin held hearings on May 29, August 30, and November 29, 2019; January 17, February 28, May 28, July 23, and December 12, 2019; and on March 12, July 13, and September 8, 2020. WCJ Dec., 5/10/21, at 4.

On July 26, 2019, WCJ Olin issued an interlocutory order under Section 410 of the Act[2] (Section 410 Order) against Petitioner and American Diamond. R.R. at

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Section 410 of the Act provides:

**(Footnote continued on next page…)**

2

47. WCJ Olin acknowledged both entities disputed which was Claimant's employer, and he ordered both Petitioner and American Diamond to remit one-half of Claimant's temporary total disability benefits and one-half of all medical bills incurred from the date of the injury (April 5, 2018) through November 14, 2019. *Id*. In Claimant's independent medical evaluations (IME) two doctors opined the date Claimant was fully recovered from his work injury. *Id*. at 103. WCJ Olin chose November 14, 2019, as it was the later of the two dates. *Id*.

On September 18, 2019, Petitioner issued a Notice of Temporary Compensation Payable (NTCP). *Id*. at 49. On September 27, 2019, Petitioner issued an Amended Notice of Compensation Payable (Amended NCP). *Id*. at 52.

On February 4, 2020, Claimant filed a Petition for Penalties (Penalty Petition) based on Petitioner's "violation of the Act, Rules and Regulations." *Id*. at 28. Claimant asserted Petitioner did not issue payments in compliance with the Section 410 Order. *Id*.

On October 5, 2020, Petitioner filed a Petition to Review Compensation Benefits (Review Petition) requesting the WCJ set aside the NTCP and Amended NCP as materially incorrect. *Id*. at 36. Also on October 5, 2020, Petitioner filed a Petition for Joinder of Additional Defendant (Joinder Petition) to add American Diamond and its insurer, the State Workers' Insurance Fund (SWIF), as defendants

---

Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the [WCJ] of the department to whom the claim in such case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the department's [WCJ] or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

77 P.S. § 751.

3

in the Claim Petition and Penalty Petition. *Id*. at 40. Petitioner argued the WCJ should join American Diamond and SWIF because "all allegations contained in the Claim and Penalty Petitions are the sole responsibility of the above[-]named Employer/Insurer." *Id*. at 41.

On November 5, 2020, following WCJ Olin's retirement, the WCOA reassigned the matter to WCJ Sandra Craig. *Id*. at 43. WCJ Craig held a hearing on December 11, 2020. WCJ Dec., 5/10/21, at 4. WCJ Craig noted "[e]vidence was submitted, the record closed, and briefs were submitted." *Id*. at 5. On May 10, 2021, WCJ Craig issued a decision and order (WCJ Order) granting Claimant's Claim Petition and Penalty Petition and ordering Petitioner to reimburse American Diamond for the benefits it paid consistent with Section 410 of the Act. *Id*. at 15. WCJ Craig also denied Petitioner's Joinder Petition and its Review Petition. *Id*.

Petitioner appealed the WCJ Order to the Board. On May 31, 2022, the Board issued an order (Board Order) affirming the May 10, 2021 WCJ Order.[3] Board Op., 5/31/22, at 17. Thereafter, on June 29, 2022, Petitioner filed a Petition for Review with this Court.[4]

In its Petition for Review, Petitioner contends WCJ Craig erred by granting Claimant's Claim Petition and Penalty Petition and denying its Joinder Petition and Review Petition. *See* Petition for Review ¶¶ 13-15. Specifically, Petitioner argues it was error to grant the Claim Petition because substantial evidence did not support a finding that Petitioner was Claimant's employer. *Id*. ¶ 13. Petitioner also argues substantial evidence did not support denying its Joinder Petition. *Id*. Petitioner

---

[3] The Board Order affirmed the WCJ Order that denied American Diamond's Termination Petition, however, American Diamond does not appeal.

[4] On August 19, 2022, American Diamond filed a Notice of Intervention and on December 12, 2022, filed an Intervenor's Brief in opposition to Petitioner's Petition for Review.

4

further asserts denying the Review Petition was "not based upon substantial facts in the record," and the "erroneously generated" NTCP did not admit liability. *Id.* ¶ 14. Lastly, Petitioner claims "[s]ubstantial competent credible evidence did not support finding a violation of the Act by Petitioner." *Id.* ¶ 15. Based on the alleged errors, Petitioner argues it was error for the Board to affirm the WCJ Order.

## II.    Discussion

This Court reviews workers' compensation orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the decision. *Id.* In our review, we remain mindful that the WCJ is the fact-finder in workers' compensation cases and is entitled to weigh the evidence and assess credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). We must view the evidence in the light most favorable to the party that prevailed before the WCJ, drawing all reasonable inferences in support of the WCJ's decision. *Id.*

Claim Petition

In a claim petition, a claimant has the burden of establishing an entitlement to benefits and must prove all the elements necessary to support an award of benefits. *Schafer v. Workers' Comp. Appeal Bd. (Martin Schafer Jr., Inc.)*, 935 A.2d 890, 893 (Pa. Cmwlth. 2007). One of the necessary elements for a claimant to prove is the existence of an employer-employee relationship at the time of the injury. *Id.* at 894. A claimant's employment status is a critical threshold determination for liability under the Act. *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd.*

5

*(Minteer)*, 762 A.2d 328 (Pa. 2000). The existence of an employer-employee relationship is a question of law based on the finding of facts. *Id*. at 330-31.

Claimant testified Carlos Viera (Viera) worked for Petitioner, was his supervisor, and was his supervisor the day of his accident. R.R. at 121-23. Claimant testified Daniel Ramos (Ramos) worked with him every day, directed him what to do, paid him, and worked for Viera and Petitioner. *Id*. at 81, 130-31. Claimant testified he received his payment in cash, inside an envelope with his name on it, without a pay stub or statement included. *Id*. at 122. Claimant testified Viera would give Ramos the cash to give to him. *Id*. at 88. Claimant testified he had not heard of the company American Diamond. *Id*. at 122.

Viera testified he was the owner of Petitioner and never employed Claimant. *Id*. at 144-45. Viera testified he paid American Diamond by check, and not anyone else. *Id*. at 155-156. On cross-examination, counsel asked Viera if he had copies of the checks he paid to American Diamond, and Viera responded he did *Id*. at 156. Counsel asked Viera to provide the copies, and Viera replied "Okay." *Id*. However, despite testimony he would, Viera never provided copies of checks paid to American Diamond. WCJ Dec., 5/10/21, ¶ 22.

Viera said Ramos was the person for whom Claimant worked. R.R. at 155. Petitioner argues Claimant was "simply mistaken" that Ramos worked for Petitioner, because Ramos was an employee of American Diamond. Petition for Review ¶ 7. Viera testified Ramos gave him a Certificate of Liability Insurance for American Diamond. R.R. at 149-51. Petitioner argues this document was "objective, uncontradicted evidence that established Claimant was not Petitioner's employee." Petition for Review ¶ 6. However, Viera did not explain how the document evidencing insurance proved Petitioner did not employ Claimant. WCJ Craig found

6

Viera's testimony "unquestionably self-serving" and "not credible." WCJ Dec., 5/10/21, ¶ 22.

WCJ Craig found Claimant was an employee of Petitioner at the time of his work injury. *Id*. ¶ 23. Substantial evidence existed on this issue in the form of testimony from Claimant and Viera. Credibility determinations are the essential function of the fact-finder and, therefore, we conclude substantial evidence in the record established Claimant met his burden of proof on his Claim Petition. Accordingly, the Board did not err in affirming the WCJ Order granting Claimant's Claim Petition.

Penalty Petition

Petitioner argues it was error for WCJ Craig to find it violated the Act and grant Claimant's Penalty Petition. Petition for Review ¶ 15. WCJ Craig granted Claimant's Penalty Petition, but only in part. The granting of penalties is within the discretion of the WCJ. *Brutico v. Workers' Comp. Appeal Bd. (US Airways, Inc.)*, 866 A.2d 1152, 1156 (Pa. Cmwlth. 2004).

Pursuant to Section 428 of the Act, added by the Act of June 26, 1919, P.L. 642, Employer had 30 days to make payment following WCJ Olin's July 26, 2019 Section 410 Order. 77 P.S. § 921. Petitioner did not make payment until September 18, 2019, more than 30 days after WCJ Olin issued the Section 410 Order. *See* R.R. at 177. Accordingly, WCJ Craig awarded penalties based upon Petitioner's failure to make payment as the Act required.

Additionally, WCJ Craig found Petitioner violated the Act by not paying benefits according to the September 27, 2019 Amended NCP. *See* Section 406.1 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. However, given the "somewhat novel [Bureau computer system] issue," WCJ Craig declined

7

to award penalties for Petitioner's failure to pay benefits on the Amended NCP. WCJ Dec., 5/10/21, ¶ 6.

WCJ Craig's exercise of discretion was not "manifestly unreasonable[] or the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006). WCJ Craig considered the circumstances of Petitioner's violations of the Act, and she awarded penalties for only one of them. The Board did not err in affirming the partial grant of the Penalty Petition.

Joinder Petition

The regulations governing practice and procedure before WCJs set forth requirements for all pleadings. Specifically, Title 34, Section 131.26 of the Pennsylvania Code addresses petitions for joinder and allows a party to join another defendant as a matter of right, subject to the requirements of the regulation. One of the requirements instructs a party file the petition "no later than 20 days after the first hearing at which evidence is received regarding the reason for which joinder is sought." 34 Pa. Code § 131.36.

WCJ Olin held a hearing on July 23, 2019, on both the Claim Petition and the Second Claim Petition. R.R. at 99. WCJ Olin acknowledged there was disagreement regarding "[which entity] is the employer." *Id.* Petitioner sought joinder of American Diamond based on the question of which entity employed Claimant. Therefore, the reason Petitioner sought joinder was clear at the July 23, 2019 hearing. Using the July 23, 2019 hearing date, it is evident Petitioner's filing on October 5, 2020, was outside the 20-day deadline provided in the regulation.

While neither the WCJ nor the Board offered Section 131.36 of the code as the reason for denying the Joinder Petitioner, we conclude denying it was correct

given Petitioner's failure to file the Joinder Petition within 20 days of the July 23, 2019 hearing.[5]

Review Petition

Petitioner filed a Review Petition to set aside the NTCP and Amended NCP, alleging they were materially incorrect. *Id*. at 135. Petitioner argued the NTCP and Amended NCP were "generated erroneously as a result of processing payment under the Interim [Section] 410 Order." Petition for Review ¶ 9. The electronic data interchange (EDI) system is the system a claims adjuster uses to issue forms like the NTCP or NCP and to update a claim's status. WCJ Dec., 5/10/21, ¶ 12.a. On September 18, 2019, an initial payment transaction on the Section 410 Order triggered the issuance of an NTCP. *Id*. ¶ 12.c. Petitioner argues the EDI system erroneously generated the NTCP and Amended NCP. "It is the burden of the party seeking modification of the notice of compensation payable to prove that a material mistake of fact or law was made at the time the notice of compensation payable was issued." *Birmingham Fire Ins. Co. v. Workmen's Comp. Appeal Bd. (Kennedy)*, 657 A.2d 96, 99 (Pa. Cmwlth. 1995) (citation omitted).

Two individuals supplied testimony about the EDI system and the process for generating NCPs. Tracey Palmaioli (Palmaioli) was an employee of Petitioner's insurer, Berkshire Hathaway Guard Insurance Company (Guard). R.R. at 172. She was a repricing supervisor, responsible for overseeing an EDI analyst and the medical bill repricing department. *Id*. Palmaioli said she held that position since May, 2019, and before that she was an EDI analyst. *Id*. The WCJ found credible Palmaioli's testimony (1) claims actions trigger the EDI, (2) an insurer's EDI

---

[5] This Court may affirm the lower tribunal's decision on any basis appearing in the record. *Commonwealth v. Tighe*, 224 A.3d 1268 (Pa. 2020).

9

transaction generates electronic forms such as an NCP, and (3) she did not know what information an adjuster entered to generate an NCP. WCJ Dec., 5/10/21, ¶ 24.

Palmaioli also testified no one from Guard issued the NTCP or Amended NCP, all forms are "generated through EDI transactions," and the NTCP was generated "due to the State's conversion to compensable." R.R. at 179, 184. The WCJ did not find this testimony credible. WCJ Dec., 5/10/21, ¶ 24. The WCJ found Palmaioli's statement that the Bureau of Workers' Compensation (Bureau) issued the NTCP demonstrated she did not fully understand the EDI system. WCJ Dec., 5/10/21, ¶ 24.

Harte Pricer (Pricer) testified she was the manager of the EDI system for the Bureau since 2015, responsible for the EDI system and the staff who responded to inquiries. R.R. at 226-227. Pricer explained that a claims adjuster enters data in the EDI to generate forms such as an NCP. *Id*. at 230. Further, Pricer offered ways an adjuster could enter information without generating an NCP. *Id*. at 231-32. The WCJ considered Pricer's testimony credible and found she "demonstrated a thorough knowledge of the EDI system" and the process by which it generated forms. WCJ Dec., 5/10/21, ¶ 25.

Ultimately, the WCJ found Petitioner and its insurer issued an NTCP and admitted liability. This finding was based upon the WCJ's credibility determinations of Palmaioli and Pricer and the weight the WCJ afforded the evidence they presented. Credibility and weight of the evidence determinations are areas within the WCJ's domain, and they have support in the record. Accordingly, we conclude the Board did not err in affirming WCJ Craig's determination that Petitioner failed to meet its burden of proving a material mistake.

10

## III.    Conclusion

For the foregoing reasons, we conclude WCJ Craig's findings are supported by substantial evidence, she did not abuse her discretion, and the Board properly affirmed the WCJ Order.  Accordingly, we affirm the Board's Order.


_____

STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

Judge Dumas did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Solutions Construction LLC,         :
                 Petitioner    :
                             :
         v.               :  No.  660 C.D. 2022
                             :
Sidar Garcia                   :
(Workers' Compensation Appeal  :
Board),                     :
                 Respondent  :

# **O R D E R**

**AND NOW**, this 29th day of September 2023, the May 31, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge