IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Louise Boulin,                                :
                Petitioner          :
                                :
        v.                           :
                                :
Brandywine Senior Care, Inc.         :
(Workers' Compensation              :
Appeal Board),                          :   No. 1273 C.D. 2022
                Respondent       :   Submitted: November 9, 2023


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE FIZZANO CANNON                FILED: January 2, 2024


Marie Louise Boulin (Claimant) petitions *pro se* for review from the October 13, 2022, order of the Workers' Compensation Appeal Board (Board). The Board affirmed the May 24, 2022, order of the workers' compensation judge (WCJ), who denied and dismissed multiple petitions filed by Claimant on the basis that the issues raised in those petitions were barred by *res judicata* principles. Upon review, we affirm.

## I.  Procedural and Factual Background

Claimant sustained a work-related injury on August 28, 2018, while working for Brandywine Senior Care, Inc. (Employer), a nursing home facility.

Certified Record (C.R.) at 165.[1]  In a notice of temporary compensation payable (NTCP) that converted to a full notice of compensation payable (NCP) after 90 days, Employer accepted and described the injury as follows: "[Claimant] slipped and fell on steps fracturing her right ankle, strained right ankle, strain right shoulder, and strain mid/lower back." *Id.*  Employer began paying Claimant weekly benefits at the rate of $220.36. *Id.*

Throughout 2019, the parties filed various petitions, which WCJ Geoffrey Lawrence resolved in a January 31, 2020, opinion and order as follows. Claimant's counseled review petition asserting additional injuries was granted in part to reflect that she sustained a right avulsion fracture of the calcaneus (heel bone), cervical contusion-strain-sprain, thoracic contusion-strain-sprain, lumbosacral contusion-strain-sprain, left elbow contusion, and right shoulder strain-sprain. C.R. at 174.  The WCJ further found that Claimant was fully recovered from her injuries except for the right calcaneal fracture. *Id.* at 175-76.  Regarding most of Claimant's injuries, the WCJ found Employer's medical expert more credible than Claimant's treating doctor. *Id.* at 172-74.  Regarding Claimant's right calcaneal fracture, the WCJ noted that Employer's expert was a physiatrist and not a foot and ankle specialist, that objective diagnostic evidence established an ongoing injury, and that Claimant's testimony concerning this part of her condition was generally credible. *Id.* at 172.  The WCJ found that Claimant remained totally disabled by the ongoing calcaneal fracture injury and therefore denied Employer's termination, modification, and suspension petitions.  *Id.* at 175-76.

Claimant filed a counseled appeal to the Board, asserting that WCJ Lawrence erred in finding her fully recovered from the bulk of her injuries.  C.R. at

[1] Certified Record (C.R.) references are to electronic pagination.

181. The Board affirmed in a January 21, 2021, opinion and order, explaining that Claimant presented no basis to reweigh the WCJ's credibility and factual determinations. *Id*. at 187-88. Claimant then filed a *pro se* document with this Court seeking to appeal the Board's order, to which Employer responded with an application to quash for untimeliness. *See Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 401 C.D. 2021, filed May 14, 2021) (unreported). On May 14, 2021, this Court issued a *per curiam* memorandum opinion and order granting Employer's motion. *Id*. We stated that the deadline to appeal the Board's January 21, 2021, order was February 22, 2021, and that Claimant's March 17, 2021, appeal documents were therefore untimely. *Id*. Our Supreme Court denied Claimant's subsequent *pro se* petition for allowance of appeal in December 2021. *Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)*, 269 A.3d 1229 (Pa. 2021).

Parallel to that litigation, on June 15, 2020, Employer filed a termination petition asserting that Claimant had fully recovered from her right calcaneal fracture. C.R. at 201. Employer presented a foot and ankle specialist in support of its petition, and Claimant, still represented by counsel at that point, presented the same treating doctor as before. *Id*. at 201-04. Claimant also testified that she was not fully recovered. *Id*. at 204-05. In a July 29, 2021, opinion and order, WCJ Sarah Makin found Employer's expert more credible than Claimant's treating doctor and found Claimant's testimony non-credible, inconsistent, and unpersuasive. *Id*. at 206. The WCJ therefore granted Employer's termination petition as of June 3, 2020, when Employer's expert performed his examination of Claimant's right calcaneal fracture and deemed it fully recovered. *Id*. at 207.

3

Claimant, now *pro se*, appealed WCJ Makin's July 2021 decision to the Board, which affirmed in a February 4, 2022, opinion and order. C.R. at 218. The Board stated that regarding Claimant's only remaining adjudicated injury, the right calcaneal fracture, the WCJ's crediting of Employer's expert's testimony over that of Claimant and her treating doctor was supported by evidence of record, therefore, the WCJ's grant of Employer's termination petition was proper. *Id*. at 216. The Board added that Claimant also sought improperly to relitigate WCJ Lawrence's prior determination that she had fully recovered from her additional injuries. *Id*. at 217. The Board declined to address those claims, noting that litigation of those injuries had concluded when our Supreme Court denied Claimant's petition for allowance of appeal in December 2021. *Id*.

Claimant appealed the Board's February 2022 order to this Court, which affirmed in a May 9, 2023, memorandum opinion. *Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 139 C.D. 2022, filed May 9, 2023) (unreported). We agreed with the Board that WCJ Makin's factual findings and credibility determinations resulting in a conclusion that Claimant was fully recovered from her remaining adjudicated right calcaneal fracture were supported by evidence of record and the WCJ's decision was sufficiently reasoned. *Id*., slip op. at 7. We added that Claimant's ongoing attempt to challenge WCJ Lawrence's prior determination that her additional injuries had resolved was barred, as those issues had been fully litigated through our Supreme Court's December 2021 denial of Claimant's petition for allowance of appeal.[2] *Id*.,

---

[2] Our majority decision in this matter also concluded that Claimant had waived her issues because her *pro se* brief failed to sufficiently develop her arguments. *Boulin*, slip op. at 5-6. In a concurring and dissenting opinion, President Judge Cohn Jubelirer disagreed that Claimant had waived her issues due to defective briefing but agreed with the majority opinion's affirmance on the substantive merits. *Id*., slip op. at 1-5 (Cohn Jubelirer, P.J., concurring and dissenting).

4

slip op. at 7-8. Claimant did not petition our Supreme Court for allowance of appeal, and, therefore, the WCJ's grant of Employer's termination petition as of June 3, 2020, is final.

In this litigation, Claimant filed several petitions *pro se* on April 26, 2022: a claim petition, a modification petition, a reinstatement petition, a petition to review compensation benefits, a petition to review compensation benefits offset, and a petition to review medical treatment and/or billing. C.R. at 8-55. The petitions all presented similar claims, the gist being that Claimant disagreed with the prior WCJs' description of injury and termination of her benefits. *Id*. at 9, 18, 25-26, 33-34, 41-42 & 49-50. She also listed additional conditions from which she continued to suffer, including issues with her right thumb; bilateral carpal tunnel syndrome; sciatica; tendinitis, tendinosis, and tendinopathy in both arms; and injuries to her scapula and buttocks. *Id*.

Employer answered the petitions in early May 2022, denying all of Claimant's allegations and asserting that *res judicata* principles barred Claimant from seeking to relitigate the now-final adjudication of her injuries and termination of her benefits. C.R. at 59, 62, 65, 68 & 71. Employer concurrently filed a motion to dismiss with the same allegations. *Id*. at 157-59. Claimant answered Employer's motion, maintaining that she disagreed with WCJ Lawrence's description of her injuries and WCJ Makin's termination of her benefits; she also wished to add various documents and medical exhibits from 2019 through 2022 to the record of this litigation. *Id*. at 139-54.

The petitions were assigned to WCJ Tina Rago, who conducted a remote video hearing on May 19, 2022. C.R. at 120-35. The WCJ asked Claimant, who appeared *pro se*, to address whether the claims in her April 2022 petitions were

5

previously litigated. C.R. at 126-27. Claimant asserted that WCJ Lawrence's decision amounted to an abuse of discretion in that it did not include all of the injuries Claimant believed she sustained as a result of the August 2018 incident, that she believed her benefits should not have been terminated by the prior WCJs, and that she was looking for an attorney to represent her. *Id*. at 127. After completing and closing the record, including Claimant's proposed new evidentiary submissions (including diagnostic and medical reports) and all prior determinations discussed above, the WCJ advised Claimant that, based on her review of the previous decisions and relevant documents, Employer's motion to dismiss on the basis of *res judicata* principles would be granted. *Id*. at 132 & 134.

In a May 24, 2022, decision and order, WCJ Rago set forth the procedural background and various prior determinations and concluded:

> In the pending matter, the Claimant is attempting to re-litigate her injury of August 28, 2018[, including] the description of said injury and whether she had fully recovered therefrom. The issues raised and relief sought in the pending petitions have already been fully litigated before [WCJ] Lawrence and [WCJ] Makin and have been appealed to the [Board], Commonwealth Court of Pennsylvania, and Supreme Court of Pennsylvania.

*Id*. at 94. The WCJ therefore determined that Employer met its burden of proof on its motion to dismiss on the basis of *res judicata* principles and denied and dismissed Claimant's petitions with prejudice. *Id*. at 95-96.

Claimant appealed *pro se* to the Board, which affirmed in an October 13, 2022, decision and order. C.R. at 107-114. The Board stated that while it sympathized with Claimant's assertions of more extensive injuries and ongoing pain, *res judicata* principles barred her April 2022 petitions. Claimant timely filed a petition for review with this Court.

6

## II.  Issues

Claimant asserts generally that the previous decisions included erroneous findings of fact and credibility determinations, were not reasoned, were not supported by substantial evidence of record, and amounted to abuses of discretion.[3]  Claimant's Br. at 6.

## III.  Discussion

The doctrine of *res judicata* encompasses two related, yet distinct, principles: technical *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). *Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000). Technical *res judicata* provides that when a final judgment on the merits exists, a future suit between the same parties on the same cause of action or claim is precluded. *Id.* Technical *res judicata* applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id.* This doctrine applies to claims that were actually litigated as well as those matters that could and should have been litigated. *Id.* The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Takacs v. Indian*

---

[3] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 n.5 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023).

7

*Lake Borough*, 10 A.3d 416, 418 (Pa. Cmwlth. 2010) (citing *Callery v. Mun. Auth. of Blythe Twp.*, 243 A.2d 385, 387 (Pa. 1968)).

Collateral estoppel bars re-litigation of an issue decided in a prior action. *Pocono Mountain Sch. Dist. v. Kojeszewski (Workers' Comp. Appeal Bd.)*, 280 A.3d 12, 18 (Pa. Cmwlth. 2022). Collateral estoppel may be applied only if both cases involve the same issue, the prior action was litigated to a final judgment on the merits, the party to be estopped was a party or was in privity with a party to the prior action and had a full and fair opportunity to litigate the issue in the prior action, and "resolution of the issue in the prior proceeding was essential to the judgment." *Id.*

### A. Claimant's Review Petition Regarding Description of Injury

The proper procedure to add injuries to the existing description of injury in an NCP is for the claimant to file a review petition under Section 413(a) of the Workers' Compensation Act (Act), 77 P.S. § 771.[4] *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577 (Pa. 2009). Where there is no obvious connection between the accepted work-related injury and any alleged additional work-related injuries, the burden is on the claimant to prove with unequivocal medical evidence that the alleged additional injuries were caused by the incident. *City of Pittsburgh v. Workers' Comp. Appeal Bd. (Wilson)*, 11 A.3d 1071, 1075 (Pa. Cmwlth. 2011).

Here, WCJ Rago concluded that Claimant's April 2022 review petition sought to relitigate WCJ Lawrence's January 2020 description of the injury as: "right avulsion fracture of the calcaneus, cervical contusion-sprain-strain, thoracic

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

contusion-sprain-strain, lumbosacral contusion-sprain-strain left elbow contusion, and right shoulder sprain-strain." C.R. at 93-94. WCJ Rago therefore denied Claimant's April 2022 review petition as barred by *res judicata* principles. *Id*. at 94.

Claimant asserts that WCJ Lawrence's decision and order erred in failing to account for all of her injuries. Claimant's Br. at 11, 13, 19, 21 & 25. Specifically, she asserts that she also sustained bilateral carpal tunnel syndrome, cervical disc bulges, lumbosacral disc protrusions, right thumb pain, bilateral hip pain, tendinosis and tendinopathy in both arms, sleep problems and anxiety, and issues with her gluteal, groin, and iliac areas. *Id*. at 12-17 & 24. Claimant maintains that she is not trying to add new injuries; rather, she asks that all of her asserted conditions from the August 2018 incident be found legitimate. *Id*. at 26-27. Claimant adds that she presented additional medical documentation at the May 2022 hearing that WCJ Rago ignored. Employer responds that Claimant's description of injury was fully and fairly litigated before WCJ Lawrence and was rendered final when Claimant's appeals failed. Employer's Br. at 8-12. Employer asserts that Claimant's April 2022 review petition seeks to relitigate the description of injury and is therefore barred by *res judicata* principles. *Id*.

Employer's NTCP accepted Claimant's injuries as "fracturing her right ankle, strained right ankle, strain right shoulder, and strain mid/lower back." C.R. at 165. During litigation on Claimant's first review petition, she testified as to the body areas she injured and that she continued to have headaches and pain in her neck, left elbow, mid and low back, hip, thigh, knee, right heel, and left foot. *Id*. at 166. Claimant's treating doctor testified that he diagnosed Claimant with cervical sprain, strain, radiculopathy, and disc bulges at C4-5 and C5-6; lumbosacral sprain, strain, and disc protrusions at L3-4, L4-5, and L5-S1; right shoulder strain and left

9

shoulder sprain; left elbow contusion; and a right calcaneal avulsion fracture. *Id*. at 169.

Employer's medical expert diagnosed cervical contusions and sprain-strain injuries (but not cervical radiculopathy or disc bulges as diagnosed by Claimant's doctor); lumbosacral contusion and sprain-strain injuries (but not lumbosacral disc protrusions as diagnosed by Claimant's doctor); thoracic contusion and sprain-strain injuries (Claimant's doctor did not diagnose thoracic conditions); right shoulder sprain-strain injuries (but no left shoulder conditions as diagnosed by Claimant's doctor); and a left elbow contusion and right calcaneal avulsion fracture (both diagnosed by Claimant's doctor). *Id*. at 167. WCJ Lawrence ultimately delineated the description of injury consistently with Employer's medical expert's diagnoses and stated that this was due to Claimant's doctor's lesser qualifications and lack of objective support for all of his diagnoses. *Id*. at 171-74.

Claimant testified in the previous review petition litigation that she sustained additional injuries; however, it was her burden during that litigation to present unequivocal medical evidence in support of all of her asserted injuries, and she failed to do so. *City of Pittsburgh*, 11 A.3d at 1075. To the extent that Claimant's treating doctor's diagnosis testimony conflicted with that of Employer's medical expert, WCJ Lawrence was within his discretion and authority to give Employer's expert's testimony greater weight, and he fully explained his reasons for doing so. *See Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015). Therefore, WCJ Lawrence's description of injury in his January 2020 decision and order was properly upheld by the Board and became final in December 2021 when our Supreme Court denied Claimant's petition

10

for allowance of appeal of this Court's quashal of Claimant's appeal as untimely. *See Boulin*, 269 A.3d at 1229.

As noted, technical *res judicata* precludes a future cause of action or claim if the parties had a previous full and fair opportunity to litigate the same cause of action or claim and a final judgment on the merits exists. *Maranc*, 751 A.2d at 1199. Four factors must be present: (1) identity in the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id*. This doctrine applies to claims that were actually litigated as well as those matters that could and should have been litigated. *Id*.

Here, Claimant alleged additional injuries when she filed her initial counseled review petition in December 2018. She now asserts in support of her April 2022 review petition that WCJ Lawrence erred because he should have found *other* additional injuries in his January 2020 decision and order. However, Claimant had the opportunity to establish all of her additional conditions during the initial litigation and either did not or could not do so with regard to the additional conditions she now asserts should have been included in her description of injury. The thing sued upon, the causes of action, the parties, and the parties' capacity are all identical to the previous litigation. *See Maranc*, 751 A.2d at 1199. Therefore, WCJ Rago did not err in finding Claimant's April 2022 review petition seeking to correct her description of injury barred by *res judicata* principles (here, technical *res judicata* applies because Claimant filed a review petition in 2022 with the same primary allegations as in her 2018 review petition) and the Board did not err in affirming that determination.

11

## B. Claimant's Challenge to Termination of Benefits

"[W]here a claimant files a review petition to correct the accepted work injury, the review petition functions as a claim petition, making the duration . . . of the work injury an issue." *Colagreco v. Workers' Comp. Appeal Bd. (Vanguard Group Inc.)*, 232 A.3d 971, 979 (Pa. Cmwlth. 2020). In this context, the claimant has the burden to establish the duration of the asserted injuries. *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754-55 (Pa. Cmwlth. 2002). Relatedly, when an employer files a termination petition, the employer bears the burden of proving that the claimant is fully recovered from all work-related injuries. *Westmoreland Cnty. v. Workers' Comp. Appeal Bd. (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008). In both instances, unequivocal medical testimony is required. *Id.* at 217; *see also Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle)*, 32 A.3d 850, 856 n.4 (Pa. Cmwlth. 2011).

Here, WCJ Rago concluded that Claimant's April 2022 petitions, in essence, sought to relitigate WCJ Lawrence's January 2020 determination that Claimant had fully recovered from her adjudicated injuries other than the right calcaneal fracture and WCJ Makin's July 2021 determination that Claimant had fully recovered from the right calcaneal fracture, which resulted in termination of her benefits. C.R. at 93-94. WCJ Rago therefore denied Claimant's April 2022 petitions as barred by *res judicata* principles. *Id*. at 94.

As the WCJ concluded, Claimant challenges WCJ Lawrence's determination that she was fully recovered from her injuries except for the right calcaneal fracture and WCJ Makin's subsequent determination that she was fully recovered from the right calcaneal fracture. Claimant's Br. at 7, 11, 13, 19, 21, 25, 31 & 34. Claimant asserts that she continues to suffer from pain and nerve damage

12

in multiple areas of her body and that the previous WCJ decisions erred in finding her fully recovered. *Id*. at 9-10. She asserts that *res judicata* cannot bar her current petitions because she has sustained a "continuing wrong." *Id*. at 12. Employer responds that the decisions issued by WCJ Lawrence and WCJ Makin were fully and fairly litigated while Claimant was represented by counsel and became final after Claimant's unsuccessful appeals. Employer's Br. at 8-12. Employer asserts that Claimant's claims are therefore barred by *res judicata* principles. *Id*.

WCJ Lawrence's January 2020 decision stated that testimony concerning the duration of Claimant's injuries was heard from Claimant and her treating doctor, who both testified that her injuries were ongoing, and from Employer's medical expert, who testified that Claimant was fully recovered from all of her injuries. C.R. at 166-70. Regarding Claimant's injuries other than the right calcaneal fracture, WCJ Lawrence gave Employer's medical expert's testimony greater weight, which was within his discretion. *Ingrassia*, 126 A.3d at 399 n.5. That decision became final in December 2021 when our Supreme Court denied Claimant's petition for allowance of appeal. *Boulin*, 269 A.3d at 1229.

WCJ Makin's July 2021 decision stated that testimony concerning whether Claimant was fully recovered from the right calcaneal fracture was heard from Claimant and her treating doctor, who both testified that her injury was ongoing, and from Employer's medical expert, a foot and ankle specialist, who testified that Claimant was fully recovered from the fracture. C.R. at 201-05. WCJ Makin gave Employer's medical expert's testimony greater weight, which was within her discretion. *Ingrassia*, 126 A.3d at 399 n.5. That decision became final when Claimant did not further appeal this Court's memorandum decision and order

affirming WCJ Makin's determination. *See Boulin* (Pa. Cmwlth., No. 139 C.D. 2022, filed May 9, 2023).

Claimant was represented by counsel in both prior WCJ proceedings and had a full and fair opportunity to establish the ongoing nature of her injuries in the litigation before WCJ Lawrence and to rebut Employer's termination evidence in the litigation before WCJ Makin. To the extent that Claimant's April 2022 petitions seek to challenge the WCJs' determinations, those matters were previously litigated and are collaterally estopped:[5] Claimant's April 2022 petitions raise the same issue as in the previous litigations (whether her injuries are ongoing), the prior litigations resulted in a final determination, Claimant was a party to and had a full and fair opportunity to litigate the issues, and the prior final resolutions were essential to the final judgment in those litigations. *See Pocono Mountain Sch. Dist.*, 280 A.3d at 18. Therefore, WCJ Rago did not err in finding Claimant's April 2022 petitions seeking to relitigate her prior termination barred by *res judicata* principles, and the Board did not err in affirming that determination.[6]

### C.  Claimant's Reinstatement Petition

The only one of Claimant's April 2022 petitions that may be viewed as not previously litigated is her reinstatement petition. C.R. at 25-26. This Court has

---

[5] Technical *res judicata* is not applicable here because Claimant's April 2022 petitions do not specifically reiterate a prior cause of action; they do, however, collectively frame her issue as a challenge to the prior termination of her benefits.

[6] In her *pro se* April 2022 petition filings, Claimant also checked the boxes to indicate that she wished to file petitions for modification of benefits (to reduce or increase the amount of compensation), review of compensation benefits offset (to impose or challenge an offset of benefits due to a pension, Social Security, unemployment, or other source of benefits), and review of medical treatment and/or billing (associated with payment of medical bills). C.R. at 17, 41 & 49. Those circumstances are not at issue in this matter; therefore, we do not address them.

14

held that in workers' compensation matters, termination and reinstatement pertain to different issues and factual questions; therefore, *res judicata* principles will not necessarily bar a post-termination reinstatement petition. *Namani*, 32 A.3d at 859.

However, a claimant seeking reinstatement of benefits following a termination "carries a heavy burden because the claimant has been adjudicated to be fully recovered." *Nat'l Fiberstock Corp. (Greater New York Mut. Ins. Co.) v. Workers' Comp. Appeal Bd. (Grahl)*, 955 A.2d 1057, 1062 (Pa. Cmwlth. 2008). "In order to prevail on a reinstatement petition after workers' compensation benefits have been terminated, a claimant must establish that [her] disability has increased or recurred since the prior decision and that [her] physical condition has changed in some manner." *Namani*, 32 A.3d at 854 (internal quotation marks omitted). The claimant must prove the change in her physical condition "by precise and credible evidence of a more definite and specific nature than that upon which initial compensation was based." *Nat'l Fiberstock Corp.*, 955 A.2d at 1062. The post-termination reinstatement burden of proof is not merely heavy, but also specific, and medical evidence, including unequivocal expert testimony responsive to the burden, is required. *Id*. at 1062-64 (upholding post-termination reinstatement where the claimant's doctor testified unequivocally and with the support of objective evidence that the claimant's condition had recurred and worsened).

Furthermore, although *res judicata* principles may not preclude a post-termination reinstatement petition, when a claimant attempts to relitigate the prior termination rather than trying to meet the requisite burden, this Court has concluded that reinstatement is not warranted. In *Lowe v. Workmen's Compensation Appeal Board (Pennsylvania Mines Corp.)*, 683 A.2d 1327 (Pa. Cmwlth. 1996) (*en banc*), the Board reversed the WCJ's grant of the claimant's post-termination reinstatement

petition. *Id*. at 1330. We affirmed, noting that the claimant had not established a change of condition and a recurrence or increase of disability, but instead relied on his expert's opinion that he never recovered from his original injury. *Id*. at 1331. A three-judge plurality decision written by Judge McGinley (one judge dissented without opinion) cited *res judicata* principles, and a concurrence by Judge Friedman, joined by the two remaining judges, opined that the claimant had not met his reinstatement burden. *Id*. at 1331-32 & n.1 (Friedman, J., concurring). Despite the fragmented nature of the opinion, *Lowe* reinforces that a claimant's post-termination reinstatement evidence must meet the actual reinstatement burden.

In *Huynh v. Workers' Compensation Appeal Board (Hatfield Quality Meats)*, 924 A.2d 717 (Pa. Cmwlth. 2007), the WCJ granted post-termination reinstatement on the basis that the prior termination decision had not specifically found the claimant fully recovered from a head injury that the employer had accepted. *Id*. at 720-21. The Board reversed and this Court agreed, concluding that the WCJ erred in awarding reinstatement based on the purported continuance of the original injury and that the claimant had not met his post-termination reinstatement burden to show a change of condition and a recurrence or increase of disability. *Id*. at 722-23. *See also McNeil v. Workers' Comp. Appeal Bd. (Dep't of Corr.)*, 169 A.3d 171, 175 (Pa. Cmwlth. 2017) (concluding that rather than establishing the post-termination reinstatement burden of recurrence or increase of disability and change of condition, the claimant improperly sought to relitigate issues that had or should have been addressed in the prior termination litigation).

Here, WCJ Rago did not specifically address Claimant's reinstatement petition, but concluded that Claimant's April 2022 petitions amounted to an attempt to relitigate aspects of her August 2018 injury, including "the description of said

16

injury and whether she had fully recovered therefrom," issues that had been previously litigated and were final. C.R. at 94. Although the WCJ and Board decisions are both framed in terms of *res judicata* principles, they also amount to conclusions that Claimant did not meet the post-reinstatement termination burden.

Claimant does not argue to this Court that her disability has increased or recurred or that her condition has changed. *See Namani*, 32 A.3d at 854. Instead, she asserts that WCJ Lawrence's description of her injury failed to include various additional ailments from the August 2018 incident and that she continues to suffer from symptoms rendering her disabled; therefore, her benefits should be reinstated. Claimant's Br. at 7, 11-17, 19-22, 24-27, 31 & 34. Employer responds that the decisions issued by WCJ Lawrence and WCJ Makin were fully and fairly litigated while Claimant was represented by counsel and became final after Claimant's unsuccessful appeals. Employer's Br. at 8-12. Employer asserts that Claimant's claims are therefore barred by *res judicata* principles. *Id*.

Like the Board, we are sympathetic to Claimant's assertions that her pain and disability are ongoing and to her inability to find an attorney to represent her in these proceedings. *See* C.R. at 125-27. However, *pro se* litigants are held to the same rules and standards as licensed attorneys: "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055 (Pa. Cmwlth. 2023) (quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014)).

Claimant submitted medical documentation in support of her claims to the WCJ, who accepted that evidence and listed it in her May 2022 decision. C.R.

17

at 92 & 132. This is not the same, however, as producing unequivocal medical evidence, such as the testimony of a qualified expert. *See Nat'l Fiberstock Corp.*, 955 A.2d at 1063. Although WCJ Rago denied and dismissed Claimant's reinstatement petition (along with her other petitions) as barred by *res judicata* principles, the practical effect of the WCJ's determination is that Claimant failed to meet the post-termination reinstatement burden of showing a change in her condition and increasing or recurring disability. We therefore agree that the WCJ did not err in denying Claimant's reinstatement petition and the Board did not err in affirming that determination.

## IV. Conclusion

In light of the foregoing discussion, the Board's order affirming the WCJ's denial and dismissal of Claimant's April 2022 petitions is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

18

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Louise Boulin,                    :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Brandywine Senior Care, Inc.            :
(Workers' Compensation                  :
Appeal Board),                          :    No. 1273 C.D. 2022
                    Respondent          :

## O R D E R

AND NOW, this 2nd day of January, 2024, the October 13, 2022, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge